## City of Streator v. Charles Liebendorfer.

1. CITIES AND VILLAGES—*Liability of, for Injuries Caused by Defective Sidewalks.*—In a suit against a city for injuries received on a defective sidewalk, the defendant asked the trial court to give to the jury the following instruction :

" The jury are instructed that a city is not liable for every accident that may occur from defects in its sidewalks. Its officers are not required to do everything that human energy and ingenuity can possibly do to prevent the happening of accidents, or injury to the citizen. And if in this case the officers of defendant have exercised a reasonable care in that regard, they have discharged their duty to the plaintiff and you should find the defendant not guilty."

*Held*, on appeal, that the instruction announced the correct rule of law applicable in cases like the one presented, and that it should have been given.

2. BURDEN OF PROOF—*The Rule as to, Stated.*—The rule as to the burden of proof in civil cases, is correctly stated in the following instruction :

" The court instructs the jury that the burden of the proof in this case is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence. If the jury find that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff can not recover and the jury should find for the defendant."

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. GEO. W. STIPP, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

P. J. LUCEY and GEO. HOADLEY, attorneys for appellant.

GEO. W. W. BLAKE and GEO. E. GLASS, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee against the appellant for personal injuries sustained by him in consequence of an alleged defective sidewalk in the corporate limits of the city of Streator. The negligence charged in the declaration

against the appellant is, that it suffered the sidewalk to be and remain in bad and unsafe condition, and the planks, sills and stringers of the same were not nailed, out of place, decayed, worn away, broken and removed, and a hole or holes suffered to be and remain therein, at the edge of the same; and while appellee, in the exercise of due care, was passing upon the walk, he stepped into said hole and was injured. The jury returned a verdict of guilty, and assessed the plaintiff's damages at $3,000, upon which the court, after overruling its motion for a new trial, gave judgment against appellant, from which it prosecutes this appeal.

Counsel for appellant complained of numerous rulings of the court, during the progress of the trial, concerning the admissibility of the evidence; and while some of these rulings were doubtless wrong, we do not think they were so far prejudicial to appellant as to be of sufficient importance to require a reversal of the judgment.

Upon the question of the negligence of the appellant the case was a close one, in view of all the evidence, and required the law to be accurately given to the jury. There was much, also, in the case tending to affect the credibility of some of the witnesses for the plaintiff, also requiring proper instructions concerning the burden of proof.

The court was asked by the appellant to give to the jury the two following instructions:

" 17. The jury are instructed that the city of Streator is not liable for every accident that may occur from defects in its sidewalk. Its officers are not required to do everything that human energy and ingenuity can possibly do to prevent the happening of accidents, or injury to the citizen. If they have exercised a reasonable care in that regard they have discharged their duty to the plaintiff, and you should find the defendant not guilty.

18. The court instructs the jury that the burden of the proof in this case is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence. If the jury find that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the

defendant, then the plaintiff can not recover and the jury
should find for the defendant."

The court refused to give them to the jury, to which
action of the court the appellant duly excepted, and it is
earnestly urged this was error, and seriously prejudicial to
the rights of the appellant.

We think the seventeenth instruction quoted above, in
which the court is requested to inform the jury that if appel-
lant had exercised reasonable care to prevent injury to the cit-
izen it had discharged its duty to the plaintiff, and should be
found not guilty, announces the correct rule of the law appli-
cable to the duties of municipal corporations in cases like the
one presented, and should have been given by the court.

The eighteenth instruction, containing the rule that if the
evidence was found by the jury to be equally balanced on the
plaintiff's case, the plaintiff can not recover, is, we think, ele-
mentary, and should have been given, especially as the evi-
dence was closely contested upon this point.    The rule was
correctly stated, and peculiarly applicable to the issue in the
case, and appellant was in a position to demand it to be
given to the jury as an instruction from the court.    The
principles of these instructions were nowhere sufficiently or
clearly expressed in the instructions given by the court to
the jury, and it was, in our opinion, error to refuse them.

There are other instructions in the case severely criticised
by the counsel for appellant, but the objections to them
will doubtless be obviated on another trial, without further
attention here.

For the errors designated the judgment of the Circuit
Court will be reversed and the cause remanded.